JOHN H. JENNESS vs. WILLIAM J. CASSIDY.

Suffolk.    October 18, 1923. — January 4, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, Performance and breach, Of undertaker. *Damages*, For breach of
    contract.

At the trial of an action of contract against an undertaker for damages alleged
    to be due to mental anguish and suffering by the plaintiff by reason of
    "negligence and carelessness" of the defendant in the performance of an
    agreement to convey the dead body of the plantiff's wife from Boston to
    Rye, New Hampshire, whereby a body other than that of the plaintiff's
    wife was shipped and it was several hours before that of the plaintiff's
    wife was located, upon the evidence most favorable to the plaintiff it could
    have been found that the defendant shipped from Boston a body, not
    that of the plaintiff's wife, which arrived at the plaintiff's house at about
    seven o'clock in the evening; that the mistake then was discovered and
    the body was removed without the plaintiff seeing it or knowing of the
    mistake until later; that the body of the plaintiff's wife was discovered
    in Boston the same evening and the plaintiff was notified of that fact
    four hours after he had discovered the mistake, and that the body of the
    plaintiff's wife then was sent to Rye, where it arrived in time for the funeral.
    There was no evidence of any indignity to the body of the plaintiff's wife
    or of any expense to the plaintiff caused by non-performance by the de-
    fendant of his agreement.  A verdict for the defendant was ordered.
    *Held*, that
        (1) There was no evidence warranting a finding of a breach of the con-
    tract by the defendant;
        (2) The verdict for the defendant properly was ordered.

CONTRACT against an undertaker for "mental anguish"
alleged to have been suffered by the plaintiff by reason of
the fact that the defendant, who had agreed to convey the
dead body of the plaintiff's wife from Carney Hospital in
Boston to the town of Rye, New Hampshire, negligently
and carelessly shipped to Rye a dead body other than that
of the plaintiff's wife, so that it was several hours before the
defendant located the dead body of the plaintiff's wife.
Writ dated April 15, 1921.

In the Superior Court, the action was tried before
*Lawton*, J.  Material evidence is described in the opinion.

At the close of the evidence, by order of the trial judge, a verdict was entered for the defendant.    The plaintiff alleged exceptions.

The case was argued at the bar in October, 1923, before *Rugg*, C.J., *Braley, DeCourcy, Pierce, & Jenney*, JJ., and was afterwards submitted on briefs to all the then Justices.

*G. H. Lucey*, for the plaintiff.

*S. C. Brackett*, for the defendant.

PIERCE, J.    This is an action of contract to recover damages of the defendant, an undertaker, for the mental anguish of the plaintiff, suffered by reason of the " negligence and carelessness " of the defendant in the performance of his agreement with the plaintiff to convey the dead body of the plaintiff's wife from Boston to Rye, New Hampshire.    At the close of the evidence the trial judge directed a verdict for the defendant, and the plaintiff excepted.

In substance the material evidence most favorable to the contention of the plaintiff would warrant a jury in finding that the plaintiff and defendant entered into a contract, whereby the defendant agreed to convey to Rye, in the State of New Hampshire, the body of the wife of the plaintiff, who had died at Carney Hospital in Boston, Massachusetts, at 5:30 A.M. on January 22, 1921; that about eleven o'clock the same morning the plaintiff's niece, at the hospital, pointed out to one Tape, the defendant's agent, the body of the plaintiff's wife, which was the only corpse in a room at St. Mary's Hall, and handed to him the clothes to be placed thereon, after the body should be prepared for shipment at the undertaking establishment of the defendant; that the body at that time was not exposed, having been entirely wrapped in a sheet; and that neither the defendant nor any of his employees had known or ever seen Mrs. Jenness before her death.

The evidence warranted the further finding that Tape, shortly before five o'clock in the afternoon of the same day, met the plaintiff and others at the North Station, in said Boston, and there told the plaintiff that the body was placed on the train which was to leave at five o'clock; that when the train arrived at North Hampton, in the State of New

Hampshire, the body was removed and conveyed to the home of the plaintiff in Rye, by an undertaker employed by the plaintiff to arrange for the burial in New Hampshire; that after its arrival at the house, which was about seven o'clock in the evening, it was found that the casket contained the body of a woman, who was not the plaintiff's wife, dressed in the clothes which had been given to Tape to place on Mrs. Jenness; that the body was removed from the house by the undertaker who had received it, without the plaintiff seeing it or knowing of the mistake until after the removal; that the body of the wife, the same evening after the defendant's agent had learned of the mistake, was found by the agent at the Carney Hospital, was properly prepared for burial, and was taken by him to the undertaker's establishment at Portsmouth, New Hampshire, where it arrived eight hours after the receipt of the wrong body and where the body of Mrs. Jenness was expected to arrive in the first instance.

It further appeared, and the evidence warranted a finding, that the plaintiff learned of the mistake at eight o'clock, and was told about twelve o'clock that the body had been located in Boston; and that the plaintiff suffered severe mental anguish by reason of the mistake for a period of twenty hours.  The evidence for the plaintiff disclosed that the funeral was not delayed by the mistake; that no definite time had been planned for the funeral when the plaintiff left Boston.  There is no evidence in the record of any indignity to the body of the wife or of any expense to the plaintiff attributable to or connected with the non-performance of the defendant's agreement.  The plaintiff's declaration sounds entirely in contract for the negligent performance of the agreement, and in his brief he makes no claim for any damages other than " for the mental anguish and distress of mind suffered by him by reason of the negligent manner in which the defendant attempted to perform his contract of employment."

Upon the above facts we think there was no evidence sufficient to support the allegation of the declaration that the dead body shipped to Rye, New Hampshire, was through

the negligence and carelessness of the defendant not the dead body of the plaintiff's wife.   It follows that the ruling of the court was right and that the exceptions of the plaintiff must be overruled.

*Exceptions overruled.*